UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 2010-11621

JODI B, MATT,

        Plaintiff,

v.

HSBC BANK USA, NATIONAL ASSOCIATION, ON
BEHALF OF THETRUST FUND AND FOR THE
BENEFIT OF ACE SECURITIES CORP. HOME
EQUITY LOAN TRUST SERIES 2005-HE4 ASSET
PASS THROUGH CERTIFICATES, BANK OF
AMERICA HOME LOAN SERVICING F/K/A
COUNTRYWIDE HOME LOAN SERVICING,
COUNTRY WIDE HOME LOANS SERVICING LP,
HSBC BANK USA NATIONAL ASSOCIATION, ACE
SECURITIES CORPORATION, WELLS FARGO
BANK NATIONAL ASSOCIATION, DEUTSCHE
BANK SECURITIES INC., DEUTSCHE BANK
NATIONAL TRUST, DB STRUCTURED PRODUCTS
INC. COMPANY, COUNTRYWIDE SECURITIES
CORPORATION, THE MURRAYHILL COMPANY,
NORTHEAST MORTGAGE COMPANY, NEW
CENTURY MORTGAGE CORPORATION, BRAD A.
MORRICE, PATTI M. DODE, DAVID N.
KENNEALLY, HARMON LAW OFFICES, P.C.,
STANTON AND DAVIS, and LAURA M.
TOMASELLO, ESQ.,

        Defendants.

## DEFENDANT HARMON LAW OFFICES, P.C.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

### I -   INTRODUCTION

This action arises out of the foreclosure proceeding regarding the property at 41 Downes Ave

Canton, MA  ("Property"), owned by Plaintiff Jodi Matt ("Matt").  Defendant, HSBC Bank USA,

National Association on behalf of the Trust Fund and for Home Equity Loan Trust Series 2005-HE4 Asset Backed Pass Through Certificates ("HSBC Bank") is the current holder by assignment of the mortgage encumbering the Property. At all relevant times, Defendant Harmon Law Offices, P.C. ("Harmon") was acting solely as counsel for HSBC for the limited purpose of defending HSBC's interest in conjunction with the action filed with the Land Court under the Servicemembers Civil Relief Act (SCRA).

Matt seeks money damages and an injunction to prevent the foreclosure sale of the property from taking place. Throughout a very lengthy complaint (233 paragraphs), Matt makes bold assertions that the foreclosure proceeding is illegal due to HSBC's alleged lack of standing to bring its complaint to foreclose in the Land Court and the alleged predatory nature of the loan.

As to Harmon, Matt alleges Civil RICO (Count II), Respondeat Superior Liability (Count III), Violation of Chapter 93A and its Implementing Regulations (Count IV), Rescission by Way of Recoupment under G.L. c.140 D (Count V), Civil Conspiracy (Count IV)[1], and Unjust Enrichment (Count XI).

Matt is suing Harmon without making any factual allegation that could give rise to a claim. In essence, the only apparent reason Matt is suing Harmon is because Harmon, as counsel for HSBC, filed various papers on behalf of HSBC in response to Matt's filings in the Land Court action. All claims against Harmon should be dismissed with prejudice under *res judicata*, and also because the claims are barred under the litigation privilege. In addition, dismissal is warranted as Matt fails to meet the pleading standard.

---

[1] It appears that plaintiff mistakenly misnumbered this count – it should have been Count IX and not Count IV.

## II. FACTUAL SUMMARY

1.  In March 2005, Matt applied for a loan application with Defendant Northeast Mortgage Company ("Northeast Mortgage") to refinance her property.  The closing took place in April 2005.  Complaint ¶ ¶ 28-29.

2.  In August 2005, Defendant Countrywide Home Loans ("Countrywide") began servicing the loan.  Complaint ¶ 30.

3.  In February 2006, Matt defaulted on the loan.  Complaint ¶ 31.

4.  On April 6, 2006, Northeast Mortgage assigned Matt's mortgage to Defendant New Century Mortgage Corporation ("New Century").  Complaint ¶ 46.

5.  On November 6, 2007, New Century assigned Matt's mortgage to HSBC.  Complaint ¶ 47.

6.  In May 2009, Countrywide informed Matt that Defendant Bank of America was the new servicer of the loan.  Complaint ¶ 42.

7.  HSBC retained a law firm, Defendant Stanton & Davis, to file an action under the SCRA with the Land Court.  The complaint to foreclose was filed on January 27, 2010 (MISC 421195).  Complaint ¶ 42.

8.  On March 3, 2010, Matt filed a motion to dismiss the SCRA action on the ground that HBSC lacked standing to bring a complaint against her.  Complaint ¶ 50.

9.  HSBC retained new counsel, Harmon, to represent its interest in the Land Court action.  Harmon filed responsive pleadings with the Land Court on behalf of HSBC.  Complaint ¶ 53 and ¶ 57.

10. On July 8, 2010, the Land Court rendered a decision in favor of HSBC, finding that HSBC had standing to bring the SCRA action against Matt.  Complaint ¶ 55.

11. On August 19, 2010, Matt filed with the Land Court a motion for reconsideration.  Complaint ¶ 58.

12. On August 20, 2010, the Land Court issued an order denying Matt's motion for reconsideration. Complaint ¶ 59.

13. On September 17, 2010, Matt filed a Petition for Interlocutory Appeal with the Appeals Court requesting that a single justice review the Land Court order denying her motion for reconsideration.  Complaint ¶ 59.

14. On September 22, 2010, Matt filed this action against 19 parties, including HSBC and Harmon.

15. On September 23, 2010, the Appeals Court denied Matt's Petition for Interlocutory Appeal.  A true and accurate copy of the Appeals Court's order, dated September 23, 2010, is attached hereto as Exhibit A.

16. On October 22, 2010, the Appeals Court denied Matt's notice of appeal from the single justice's denial of his petition.  The Appeals Court also denied Matt's request for leave to take an interlocutory appeal to a panel of the Appeals Court.  A true and accurate copy of the Appeals Court's order, dated October 22, 2010, is attached hereto as Exhibit B.

### III-   ARGUMENT

*STANDARD*

The standard for dismissal under Fed.R.Civ. P.12 (b)(6) is set forth in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  At the pleading stage, the plaintiff may not rest on "formulaic recitation of the elements of a cause of action."  *Id*. at 1965.

Pursuant to Fed.R.Civ.P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief.".  In explaining the meaning of the pleading requirement under Rule 8, the Supreme Court held that "[a] plaintiff's obligation to provide "grounds" for his "entitle[ment] to relief" requires more than labels and conclusions" and "factual allegations must

be enough to raise a right to relief above the speculative level". *Id.* at 1954-1965. Failure to meet the

pleading standard will result in the dismissal of the claims. *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

(2009) (explaining the pleading standard articulated in *Twombly*). "The plausibility standard is not akin

to a "probability requirement" but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.* As stated by the United States Supreme Court:

> "Two working principles underlie our decision in *Twombly*. First, the tenet that a court
> must accept as true all of the allegations contained in a complaint is inapplicable to legal
> conclusions. Threadbare recitals of the elements of a cause of action, supported by mere
> conclusory statements, do not suffice . . . Second, only a complaint that states a plausible
> claim for relief survives a motion to dismiss. . . . Determining whether a complaint states
> a plausible claim for relief will . . . be a context-specific task that requires the reviewing
> court to draw on its judicial experience and common sense."
> *Id.*

In this instance, the allegations contained in the Complaint are nothing more than conclusory

statements and there are no factual allegation supporting any of Matt's claims.

## FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Matt is challenging HSBC's standing to bring its complaint to foreclosure in the Land Court. See

Complaint ¶ 66. While HSBC initially retained Stanton & Davis to represent its interest in the Land

Court action, HSBC subsequently retained Harmon as new counsel when Matt filed a Motion to Dismiss

HSBC's complaint to foreclose. In conjunction with the Land Court action, Harmon filed responsive

pleadings with the Land Court on behalf of its client. The Land Court ultimately issued a decision in

favor of HSBC, and further denied Matt's motion for reconsideration of its decision. By filing the

present complaint, Matt is making the exact same claim brought in the Land Court, namely that HSBC

does not have standing to bring the complaint to foreclose in the Land Court.  Concurrently with the filing of her complaint, Matt appealed the Land Court's denial of her motion for consideration.  Since then, the Appeals Court issued two (2) orders denying Matt's requests for an appeal.

In sum, Harmon's involvement in this matter is strictly limited to its representation of HSBC in the Land Court matter when Matt challenged HSBC's standing in the Land Court action.  In addition, the issue raised by Matt, namely HSBC's lack of standing in the Land Court action, has already been decided by the Land Court and her attempts to reverse the Land Court's decision with the Appeals Court have failed.  Thus, the claims against Harmon should be dismissed under the doctrine of *res judicata*.  In the alternative, the claims against Harmon should be dismissed under the litigation privilege.

## A.  All Counts against Harmon fail are barred under *res judicata.*

"Under the doctrine of *res judicata* a final judgment on the merits of an action precludes the parties and their privies "from relitigating issues that were or could have been raised in that action." *Swaida v. Gentiva Health Services*, 238 F. Supp. 2d 325, 327(2002), citing *Perez v. Volvo Car Corp.,* 247 F.3d 311 (1st Cir. 2001).  "Federal law requires three elements before applying the preclusive effect of res judicata, (1) a final judgment on the merits in an earlier case, (2) an identity of the cause of action both the earlier and later suits; and (3) identity of parties or privies in the two suits." *Id.* at 327-329.

In this instance, Matt is challenging HSBC's standing to bring its complaint to foreclose in the Land Court.  Complaint ¶ 66.  Matt raised the exact same claim in the SCRA action when she sought to dismiss the complaint filed by HBSC with the Land Court.  The only reason that Matt brings the present lawsuit against Harmon is because Harmon filed with the Land Court pleadings on behalf of its client HSBC in response to Matt's claim of lack of standing.  Further, the Land Court found that HSBC possessed the requisite standing to file the SCRA action and concluded the following: "For the

foregoing reasons, the defendant's motion to dismiss the plaintiff's Servicemember's complaint for lack

of standing is DENIED.  Since Ms. Matt concedes that she is not entitled to the benefits of the Act, such

a judgment shall enter."  See copy of the Land Court order attached as Exhibit 15 to Complaint.  Finally,

for purposes of this motion, Harmon was in privity with HSBC while representing HSBC in the Land

Court.  *Litchfield v. Crane*, 123 U.S. 549, 550-551 (1887) (privies include parties "directly interested in

the subject matter").  All the elements of *res judicata* are met.  Therefore, all claims against Harmon are

barred under the doctrine of *res judicata*.


### B.    All Counts against Harmon fail are barred under the litigation privilege.

"Under Massachusetts law, an attorney's communications are absolutely privileged "[w]here such

statements are made by an attorney engaged in his function as an attorney whether in the institution or

conduct of litigation or in conference and other communications preliminary to litigation." *Loomis v.*

*Tulip, Inc. et al*, 9 F. Supp. 2d 22, 24 (1998), citing  *Sriberg v. Raymond*, 370 Mass. 105, 109 (1976).

To the extent that Matt's claims against Harmon are based upon statements Harmon made in the context

of the Land Court proceedings, these claims cannot lead to a cause of action because Harmon's

statements during the representation of its client are protected by the litigation privilege.  This is an

absolute privilege that bars Matt's claims.  An absolute privilege protects "[s]tatements made in the

course of a judicial proceeding that pertain to that proceeding" and "cannot be used to support civil

liability even if the statements were uttered with malice or bad faith." *Fisher v. Lint*, 69 Mass. App. Ct.

366 (1997), citing *Seelig g. Harvard Coop. Soc.*, 355 Mass. 532, 538 (1969); *Correllas v. Viveiros*, 410

Mass. 314, 319 (1991).  The privilege is founded upon public policy favoring the protection of

statements "made by an attorney engaged in his function as an attorney whether in the institution or

conduct of litigation or in conferences and other communications preliminary to litigation." *Sriberg v.*

*Raymond*, 370 Mass. 105, 109 (1976).  The litigation privilege is broadly applied, and "extends to circumstances where the statements are made preliminary to a proposed or contemplated judicial proceeding as long as they bear some relation to the proceeding."  *Id.*

At all relevant times, Harmon acted as counsel for HSBC in conjunction with HBSC's defense in the Land Court action.  The only factual allegations addressed to Harmon in the 233-paragraph Complaint are contained in two (2) paragraphs, as follows:

> "**During the course of the Land Court action**, the court asked Defendant HSBC to provide further evidence to bolster its claim that it is the current owner of the Matt loan,  **In response to the court's request**, attached hereto as Exhibit 16, **HSBC** (through Bank of America Home Loans ("BAC"), **and its new attorney Harmon Law Offices, P.C. provided evidence** that Countrywide (now BAC) is currently servicing the loan under the Trust's governing instrument. Therefore, HSBC never proffered evidence that it did have standing to bring an action to foreclose" (emphasis added).
> Complaint ¶ 53.

> "Leaving aside the failure of HSBC to provide direct evidence of a legally valid assignment of Ms. Matt's Note and mortgage from New Century Mortgage Corporation to HSBC on November 6, 2007, **Defendants proffer of evidence requested by the Land Court**, BAC **through its new attorney, Harmon Law Offices, P.C., produced** an "Acquisition Memo". . ." (emphasis added).
> Complaint ¶ 57.

All the claims against Harmon rest upon its representation of HSBC in the Land Court action, and more particularly the pleadings filed by Harmon on behalf of HSBC in response to Matt's motion to dismiss.  By filing these responsive pleadings, Harmon made statements in the Land Court action and said statements were related to that proceeding.  Thus, all claims against Harmon are barred by the litigation privilege.  *Blanchette v. Cataldo*, 734 F.2d 869, 877 (1st Cir. 1984) ("Massachusetts courts have applied the privilege, not only in defamation cases, but as a general bar to civil liability based on the attorney's statements."); *United States v. Rockland Trust Co.*, 860 F. Supp. 895, 903 (D. Mass. 1994) (litigation privilege provided a complete defense to an attorney's statement "pertinent to [an] interpleader action.").

### C.   Matt fails to meet the pleading standard.

The claims alleged by Matt against Harmon are as follows: Civil RICO (Count II), Respondeat Superior Liability (Count III), Violation of Chapter 93A and its Implementing Regulations (Count IV), Rescission by Way of Recoupment under G.L. c.140 D (Count V), Civil Conspiracy (Count IV)[2], Unjust Enrichment (Count XI).

Matt's complaint is devoid of any factual allegation to support any of these claims against Harmon.   A "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).   In sum, Matt's complaint does not satisfy the pleading requirement.   As such, the claims against Harmon must be dismissed with prejudice. *Kurker v. Hill*, 44 Mass. App. Ct. 188, 193 (1998) (claim properly dismissed when the complaint "parrots the requisite elements of the claim but lacks factual support for his wholly conclusory allegations").

### CONCLUSION

WHEREFORE, for the reasons stated above, Harmon Law respectfully move this Court to grant its motion to dismiss, and such other relief as is deemed appropriate under the circumstances.

Respectfully submitted,
**DEFENDANT**
**HARMON LAW OFFICES, P.C.**

By their attorney,

/s/ Nathalie K. Salomon
Nathalie K. Salomon
BBO#666893
HARMON LAW OFFICES, P.C.
P.O. Box 610389
Newton Highlands, MA 02461-0389
nsalomon@harmonlaw.com
(617)558-8432
(617) 243-4038 (fax)

DATED:  October 27, 2010

---

[2] As noted, plaintiff mistakenly misnumbered this count – it should have been Count IX and not Count IV.