## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JODI B. MATT
     Plaintiff,

v.

HSBC BANK USA, NATIONAL
ASSOCIATION, ON BEHALF OF THE
TRUST FUND AND OF THE BENEFIT
OF ACE SECURITIES CORP HOME
EQUITY LOAN TRUST SERIES 2005-
HE4 ASSET PASS THROUGH
CERTIFICATES, BANK OF AMERICA
HOME LOAN SERVICING F/K/A
COUNTRYWIDE HOME LOAN
SERVICING, COUNTRYWIDE HOME
LOANS SERVICING LP, HSBC BANK
USA NATIONAL ASSOCIATION, ACE          Civil Action No.: 2010-11621
SECURITIES CORPORATION, WELLS
FARGO BANK NATIONAL
ASSOCIATION, DEUTSCHE BANK
SECURITIES INC., DEUTSCHE BANK
NATIONAL TRUST, DB
STRUCTURED PRODUCTS INC.
COMPANY, COUNTRYWIDE
SECURITIES CORPORATION, THE
MURRAYHILL COMPANY,
NORTHEAST MORETGAGE
COMPANY, NEW CENTURY
MORTAGE CORPORATION, BRAD A.
MORRICE, PATTI M. DODE, DAVID
N. KENNEALLY, HARMON LAW
OFFICES, P.C., STANTON AND
DAVIS, and LAURA M. TOMASELLO,
ESQ.,
     Defendants.

### DEFENDANT HARMON'S REPLY MEMORANDUM IN
### SUPPORT OF ITS MOTION TO DISMISS
### (LEAVE TO FILE GRANTED ON 11/18/2010)

## A. The Litigation Privilege

Matt begins her memorandum in opposition  to Harmon's motion to dismiss by asserting that  Harmon is the "king of the hill" of law firms representing mortgagees in foreclosures, and that Harmon has "unmercifully steamrolled"  her and other "defenseless" homeowners in an effort to make "untold fortunes." Mem. Opp. at 1.

These gratuitous *ad hominem* attacks are, of course, not relevant to the legal issues presented by Harmon's motion. It seems that they are designed to divert the Court's attention from one critical and undisputed fact: that Harmon's <u>only</u> involvement in all of the foreclosure activities regarding Matt was to <u>appear</u> in the Land Court case to represent HSBC in <u>response</u> to Matt's unsuccessful motion to dismiss the Servicemembers action. As the Land Court case was a "judicial proceeding" (see page 1 of  the Land Court's decision in <u>HSBC v. Matt</u>, which is Exhibit D to Matt's memorandum in opposition), Matt's own exhibit confirms that Harmon's arguments and papers in the Land Court case on behalf of its client HSBC  are protected by the litigation privilege and bar Matt's claims against Harmon.

Matt attempts to escape from the litigation privilege by arguing that it does not apply to Harmon's "conduct" in defending her motion to dismiss in the Land Court. Mem. Opp. at 10. This argument has no merit. If the *conduct* of filing court papers were actionable while the *content* of the papers filed were privileged, then the exception would swallow the rule and render the privilege useless. Matt cites no authority to support her argument that the litigation privilege is an illusion, and there is no such authority. In Matt's view of the world, the Matts of the world could *always* sue opposing counsel for raising "false" or "incorrect" legal positions in court— even when, as was the case here, a state court has already ruled against them.

Matt's reliance on <u>Kurker v. Hill,</u> 44 Mass. App. Ct, 184 (1996) (Mem. Opp. at 9), is misplaced. In that case the plaintiff, a close corporation shareholder who bought the company's assets, alleged that the defendant attorneys "represented individuals on both sides of the transaction and engaged in a conspiracy to undervalue the assets and freeze out the plaintiff." <u>Id.</u> at 192. As the defendant transactional attorneys did not act in anticipation of or as part of litigation, the Appeals Court held that the litigation privilege did not "encompass the defendant attorneys' conduct in counseling and assisting their clients in business matters generally." <u>Id</u>. Here, Harmon's only activities were classic litigation actions in the Land Court proceedings, and Harmon certainly was not on "both sides" of that case.

### B. Res Judicata

In paragraphs 49 through 66 of her complaint, Matt recites at length the Land Court and Appeals Court proceedings, and Harmon's involvement in them, regarding the determination that HSBC had standing to pursue the Servicemembers action, and that Matt was not entitled to the protection of the SCRA. In paragraph 217, Matt alleges that in the Land Court Harmon "filed all relevant documents with reference to the attempted wrongful foreclosure of the Matt mortgage," and in paragraph 223 she alleges that she was the victim of a 'wrongful filing of a complaint to foreclose in the Land Court."

As noted above, Harmon's only involvement in all of the foreclosure activities was to appear in and successfully defend Matt's motion to dismiss the Land Court complaint seeking an SCRA determination. Thus, Matt's attempt to challenge or impugn the state court rulings is barred by res judicata, and Matt's protests to the contrary are unavailing.

Moreover, as Judge Stearns recently ruled, "to the extent that there is a final order of the state court with respect to foreclosure of the [plaintiff's] real property, this court lacks

jurisdiction to review the judgment of the state court, pursuant to the <u>Rooker-Feldman</u> doctrine."

<u>Forsberg v. Land Court of the Commonwealth of Massachusetts, et al</u>, C.A. No. 10-11701-RGS

(Oct. 7, 2010) at 4.  "The doctrine precludes a federal action if the relief requested in that action

would effectively reverse a state court decision or void its holding or if the plaintiff's claims are

'inextricably intertwined' with the state court's decision." <u>Id</u>.

The doctrine applies to this case, in that Matt seeks to hold Harmon civilly liable for a

state court decision that was rendered against her through Harmon's efforts in the Land Court.

As a decision holding Harmon liable for what it did in the Land Court for its client would by

necessity require this Court to determine that the Land Court reached the wrong decision, Matt's

claims against Harmon are barred by <u>Rooker-Feldman.</u>

For these reasons and those stated in its moving papers, Harmon respectfully requests the

Court to grant its motion to dismiss, and to award it any additional relief that the Court deems

just and appropriate.

Respectfully submitted,
**HARMON LAW OFFICES, P.C.**
By its Attorneys,


<u>/s/ Nathalie K. Salomon</u>
Robert M. Mendillo
BBO# 342780
rmendillo@harmonlaw.com
Direct: (617) 558-8457
Fax:     (617) 243-4038
Nathalie K. Salomon
BBO# 666893
nsaolomon@harmonlaw.com
Direct: (617) 558-8432
Fax:     (617)243-4038
HARMON LAW OFFICES, P.C.
P.O. Box 61038
DATED: November 18, 2010          Newton Highlands, MA  02461-0389

## <u>CERTIFICATE OF SERVICE</u>

I, Nathalie K. Salomon, hereby certify that on November 18, 2010 the Defendant Harmon's Reply Memorandum in Support of its Motion to Dismiss was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Glenn F. Russell Jr., Esq. via electronic mail

<u>/s/ Nathalie K. Salomon</u>
Nathalie K. Salomon
