UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JODI B. MATT, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>HSBC BANK USA, N.A., et al., )<br>)<br>Defendants. )<br>) | C.A. No. 1:10-cv-11621-PBS |

**MEMORANDUM IN SUPPORT OF DEFENDANT
STANTON & DAVIS'S SPECIAL MOTION TO DISMISS
PURSUANT TO MASS. GEN. L. CH. 231, § 59H**

In this action, Plaintiff Jodi Matt has sued a law firm, Defendant Stanton & Davis, simply because it filed a complaint in Massachusetts Land Court on behalf of its client, HSBC Bank, USA, N.A. The Land Court Complaint, filed under the Servicemembers Civil Relief Act, 50 U.S.C. §§ 501, et al., sought a determination that Plaintiff Matt was not a member of the armed services and, therefore, not entitled to the benefits of that statute. The Land Court entered judgment for Defendant Stanton & Davis's client and the Plaintiff's appeal was denied.

The objective of the Massachusetts Anti-SLAPP Statute, Mass. Gen. L. ch. 231, § 59H, is to protect citizens from law suits that chill their right to petition the courts. The Massachusetts Appeals Court has held that the filing of a complaint by an attorney on behalf of a client, like the complaint filed by Defendant Stanton & Davis, is "the paradigm of petitioning activity" protected by the Anti-SLAPP Statute. Ehrlich v. Stern, 74 Mass. App. Ct. 531, 538, 908 N.E.2d 797 (2009). Since Defendant Stanton & Davis was engaged in "petitioning activity" protected by the Anti-SLAPP Statute, the Plaintiff's claims attacking that activity must be dismissed.

I. **FACTS RELEVANT TO THE MOTION**

The claim against Defendant Stanton & Davis arises out of the proceedings it filed in the Massachusetts Land Court to obtain a determination that the Plaintiff was not on active military duty. The specific relevant factual allegations are stated below:

**The Land Court Action**

1. Defendant Stanton & Davis, a law firm, is a sole proprietorship with its principal place of business in Marshfield. *Complaint, ¶ 23.*

2. On January 27, 2010, Defendant Stanton & Davis filed a complaint in the Massachusetts Land Court (the "Land Court Action") on behalf of its client, Defendant HSBC Bank, USA, N.A. *Complaint, ¶ 49.* The complaint was filed pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. §§ 501, et al. and in preparation for foreclosure proceedings on property owned by Plaintiff Matt in Canton. *Id.*

3. The Land Court Action was contested by the Plaintiff. *Complaint, ¶ 50.* She filed a Motion to Dismiss on the grounds that Defendant HSBC Bank, USA, N.A. lacked standing to prosecute the Land Court Action. *Id.*

4. During the course of the Land Court Action, Defendant Stanton & Davis withdrew as counsel for Defendant HSBC Bank, USA, N.A. and new counsel filed an appearance. *Complaint, ¶ 53.*

**The Land Court Enters Judgment Against The Plaintiff**

5. On July 8, 2010, the Land Court held that the record before it demonstrated that Defendant HSBC Bank, USA, N.A. had standing to prosecute an action under the Servicemembers Civil Relief Act, 50 U.S.C. §§ 501, et al. *See Land Court Order, Complaint, Ex. 15 and*

*attached to Affidavit of Douglas W. Salvesen as Exhibit A*.  The Land Court specifically noted that standing under the Act presented an issue separate from whether the Bank had a right to commence foreclosure proceedings under Mass. Gen. L. ch. 244, § 14, an issue not reached by the Land Court.  *Id.*  The Land Court stated that its review was therefore limited to a "determination of a single question:  is [Plaintiff Matt] entitled to the benefits of the Act?"  *Id.*  The Land Court noted that Plaintiff Matt had conceded that she was not entitled to the benefits of the Act and it entered judgment accordingly.  *Id.*

### The Appeals Court Dismissed The Plaintiff's Appeal

6.   Plaintiff Matt appealed the Land Court's judgment to a Single Justice of the Massachusetts Appeals Court.  HSBC Bank USA, N.A. & another vs. Jodi B. Matt, 2010-J-0428.  *See Affidavit of Douglas W. Salvesen, ¶ 2*.  On October 22, 2010, the Single Justice held that Plaintiff Matt had no right of appeal from the Land Court's judgment and denied her request for leave to take an interlocutory appeal.  *Id.*

**II.   ARGUMENT**

   **A.   Standard of Review And Parties' Respective Burdens.**

The Massachusetts Legislature enacted the Anti-SLAPP Statute, Mass. Gen. L. ch. 231, § 59H, to establish "very broad protection for petitioning activities."  Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 162, 691 N.E.2d 935 (1998).  The Anti-SLAPP Statute "provides broad protections for individuals who exercise their right to petition from harassing litigation and the costs and burdens of defending against retaliatory lawsuits."  Fabre v. Walton, 436 Mass. 517, 520, 781 N.E.2d 780 (2002).  These protections include the expeditious determination of

special motions to dismiss, heightened scrutiny of any complaint that is alleged to be brought in retaliation for petitioning activities, the automatic stay of discovery, and the award of attorneys' fees and costs to successful moving parties.  Mass. Gen. L. ch. 231, § 59H; see also Kobrin v. Gastfriend, 443 Mass. 327, 331, 821 N.E.2d 60 (2005).

When considering a motion under Mass. Gen. L. ch. 231, § 59H, the moving party bears the initial burden to demonstrate, through the pleadings and affidavits, that the claims sought to be dismissed are "based on [the party's] 'petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.'"  Wenger v. Aceto, 451 Mass. 1, 5, 883 N.E.2d 262 (2008), quoting Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 167-168, 691 N.E.2d 935 (1998).  If this showing is made, the burden shifts to the nonmoving party to prove, by a preponderance of the evidence, that the moving party's exercise of its right to petition (1) was devoid of any reasonable factual support or any arguable basis in law and (2) caused actual injury to the nonmoving party.  Mass. Gen. L. ch. 231, § 59H.

**B.     The Plaintiff's Claims Against Defendant Stanton & Davis Are Based On Stanton & Davis's Petitioning Activity In Land Court.**

The protections of Anti-SLAPP Statute, which shield litigants who are exercising their right to petition, have been extended to the attorneys who represent them.  The Massachusetts Appeals Court has reasoned that "the statute would provide but hollow protection for citizens who wish to exercise their right of petition if statements made by an attorney on their behalf were not covered by the anti-SLAPP statute to the same extent as statements made by them directly." Plante v. Wylie, 63 Mass. App. Ct. 151, 156, 824 N.E.2d 461 (2005).  The Plante Court expressly held that the Anti-SLAPP Statute provides shelter for law firms, like Defendant

Stanton & Davis, that are "sued on account of petitioning activity undertaken on behalf of their clients." Id., 63 Mass. App. Ct. at 157.  The Supreme Judicial Court explicitly noted its "approval of the recent decision of Plante v. Wylie, [citation omitted] in which the Appeals Court held, as a general principle, that G.L. c. 231, § 59H, protects attorneys who are 'sued for voicing the positions of a petitioning client.'" Cadle Co. v. Schlichtmann, 448 Mass. 242, 247 n.10, 859 N.E.2d 858 (2007).

Consequently, there can be no question that Defendant Stanton & Davis has made the threshold showing required by the Anti-SLAPP Statute that its filing of the Land Court Complaint is protected "petitioning activity."  In 2009, the Massachusetts Appeals Court observed that the filing of a complaint by an attorney on behalf of a client is "the paradigm of petitioning activity." Ehrlich, 74 Mass. App. Ct. at 531, 538, 908 N.E.2d 797 (2009). See also Fabre, 436 Mass. at 523 (filing of a complaint is a petitioning activity); Adams v. Whitman, 62 Mass. App. Ct. 850, 857, 822 N.E.2d 727 (2005) (recognizing filing a complaint as petitioning activity); Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 510, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972) ("right of access to the courts is indeed but one aspect of the right to petition"); McDonald v. Smith, 472 U.S. 479, 484, 105 S.Ct. 2787, 2791, 86 L.Ed.2d 384 (1985) ("filing a complaint in court is a form of petitioning activity" unless the complaint is "baseless litigation"); United States v. Robinson, No. 92-CV-345, 1995 U.S. Dist. LEXIS 22327, at *11-12 (D. Conn. Jan. 26, 1995) ("The filing of a complaint in court is a form of petitioning activity protected by the First Amendment").

To the extent that the Plaintiff seeks to argue that the filing of the Land Court Complaint is not protected "petitioning activity" because it was intended as part of the Defendants' alleged

"illegal foreclosure" scheme, the Court must reject such arguments. Not only would such an argument be ridiculous on its face, but the motive for the petitioning activity simply does not matter. See, e.g., Kobrin, 443 Mass. at 338 n.14, 821 N.E.2d 60 (2005) (motive of petitioner is irrelevant and the "only concern, as required by the statute, is that the person be truly 'petitioning' the government in the constitutional sense"); Office One, Inc. v. Lopez, 437 Mass. 113, 122, 769 N.E.2d 749 (2002) ("motive behind the petitioning activity is irrelevant").

      **C.**     **Where The Land Court Has Entered Judgment On The Complaint Filed By Defendant Stanton & Davis, And The Appeals Court Has Dismissed The Plaintiff's Appeal, The Plaintiff Cannot Sustain Her Burden Of Showing That The Petitioning Activity Is Devoid Of Any Reasonable Factual Support Or Any Arguable Basis In Law.**

The burden then shifts to Plaintiff Matt to establish, by a preponderance of the evidence, that Defendant Stanton & Davis's petitioning activity – the filing of the Land Court Complaint – was devoid of any reasonable factual support or any arguable basis in law. It is not enough for Plaintiff Matt to show that the Land Court Complaint was based on an error of law or fact. She must show that "no reasonable person could conclude" that there was a legal or factual basis for the Complaint. North Am. Expositions Co. Ltd. Partnership v. Corcoran, 452 Mass. 852, 865-66, 898 N.E.2d 831 (2009). See also Baker v. Parsons, 434 Mass. 543, 550 n.20, 750 N.E.2d 953 (2001). As a matter of law, the Plaintiff cannot meet this considerable burden.

Of course, two "reasonable people" have already found that there was a good legal and factual basis for the Land Court Complaint. The Land Court entered judgment on the Complaint and the Appeals Court dismissed the Plaintiff's appeal. As a matter of law, those actions require a finding that the Plaintiff cannot meet her burden of showing that the Complaint was devoid of

reasonable factual support or any arguable basis in law. E.g., Plante, 63 Mass. App. Ct. at 161 (where moving party had prevailed in a Land Court action, the non-moving party could not establish that the petitioning activity was devoid of any reasonable factual or legal basis)

The claim against Defendant Stanton & Davis is quite obviously a collateral attack on the Land Court Action – an attack that is not permitted in federal court.[1] Unhappy both with the Land Court's judgment and the subsequent dismissal of her appeal, the Plaintiff now seeks to have the state court proceedings impugned through these federal proceedings. This is precisely the type of activity the Anti-SLAPP Statute prevents, see, e.g., Plante, 63 Mass. App. Ct. at 156-57, and this Court should dismiss the claims against Defendant Stanton & Davis forthwith.

### III.  DEFENDANT STANTON & DAVIS IS ENTITLED TO ATTORNEYS' FEES.

Where a party prevails in a special motion to dismiss under Mass. Gen. L. ch. 231, §59H, "[t]he court shall award the moving party costs and reasonable attorney's fees, including those incurred for the special motion and any related discovery matters." Office One, 437 Mass. at 120. "The purpose of the statute is to reimburse persons for costs and attorney's fees if a judge

---

[1] Under the Rooker-Feldman doctrine, this Court may not review a judgment of the Land Court. The "Rooker-Feldman" doctrine, named after Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923) (barring collateral attack of a state court judgment in lower federal courts), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 485-86 (1983) (dismissing action challenging state court denial of request to waive bar admission requirements), strips lower federal courts of subject matter jurisdiction over claims that are "inextricably intertwined" with claims adjudicated in a state court. Since any judgment against Defendant Stanton & Davis would effectively void the holding of the Land Court – which is clearly the Plaintiff's goal – it is beyond the power of this Court. See Johnson v. De Grandy, 512 U.S. 997, 1005-1006, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994); Exxon Mobil Corp. v. Saudi Basic Industries Corp., Inc., 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (doctrine applies to cases by state court losers seeking review and rejection of state court judgments rendered prior to commencement of federal suit).

determines that the statute is applicable and allows their motion to dismiss." Fabre, 436 Mass. at 525 (further citations omitted). "[T] he amount of the award need not be limited to legal work incurred in bringing the special motion itself." Office One, 437 Mass. at 126. In this case, if the special motion to dismiss is allowed, the Court should establish a date for Defendant Stanton & Davis to submit evidence of its reasonable attorneys' fees.

IV. **CONCLUSION**

The Massachusetts Anti-SLAPP Statute, which was enacted by the Legislature over a decade ago, continues to perform the essential function envisioned by the Legislature to protect all forms of petitioning activity. Under this statute, a disappointed litigant, like Plaintiff Matt, cannot seek to re-litigate a State Court Action in Federal Court simply by using the filing of a law suit as a basis of a "new" claim. For the reasons set forth above, Defendant Stanton & Davis's special motion to dismiss should be allowed.

> STANTON & DAVIS,
>
> By its Attorneys,
>
> /s/Douglas W. Salvesen
> _____
> Douglas W. Salvesen (BBO# 550322)
> YURKO, SALVESEN & REMZ, P.C.
> One Washington Mall, 11th Floor
> Boston, Massachusetts 02108
> (617) 723-6900
> E-Mail: DSalvesen@bizlit.com

Dated: January 11, 2011

**CERTIFICATE OF SERVICE**

       I hereby certify that a true copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants via first-class mail, postage prepaid, on January 11, 2011.

                                                /s/ Douglas W. Salvesen

Dated:  January 11, 2011