UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JODI B. MATT,<br><br>      Plaintiff,<br><br>  v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, ON BEHALF OF THE TRUST FUND AND FOR THE BENEFIT OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST SERIES 2005-HE4 ASSET PASS THROUGH CERTIFICATES, BANK OF AMERICA HOME LOAN SERVICING F/K/A COUNTRYWIDE HOME LOAN SERVICING, COUNTRYWIDE HOME LOANS SERVICING LP, HSBC BANK USA NATIONAL ASSOCIATION, ACE SECURITIES CORPORATION, WELLS FARGO BANK NATIONAL ASSOCIATION, DEUTSCHE BANK SECURITIES INC., DEUTSCHE BANK NATIONAL TRUST, DB STRUCTURED PRODUCTS INC. COMPANY, COUNTRYWIDE SECURITIES CORPORATION, THE MURRAYHILL COMPANY, NORTHEAST MORTGAGE COMPANY, NEW CENTURY MORTGAGE CORPORATION, BRAD A. MORRICE, PATTI M. DODGE, DAVID N. KENNEALLY, HARMON LAW OFFICES P.C., STANTON AND DAVIS, and LAURA M. TOMASELLO, ESQ.,<br><br>      Defendants. | Civil Action No. 1:10-cv-11621-PBS<br><br>LEAVE TO FILE<br>GRANTED ON 2/1/2011 |

**HSBC DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF THEIR MOTION TO DISMISS**

      Defendants HSBC Bank USA, N.A. and HSBC Bank USA, N.A. on Behalf of the Trust

Fund and for the Benefit of Ace Securities Corp. Home Equity Loan Trust Series 2005 HE-4

Asset Backed Pass Through Certificates (collectively " HSBC Defendants") hereby submit this reply memorandum in support of their Motion to Dismiss ("Motion").

I. **Plaintiff Fails to Properly Plead Requirements of a RICO Claim.**

Plaintiff's Racketeering Influences and Corrupt Organization Act ("RICO" 18 U.S.C. §1962(c)) claims fail for at least two reasons. First, Plaintiff's Complaint fails to meet Rule 8's pleading standards by stating nothing more than legal conclusions. Second, her Complaint certainly fails to meet Rule 9's heightened pleading requirements regarding her allegations of fraud. Therefore, Plaintiff's RICO claims must be dismissed pursuant to Rule 12(b)(6).

Plaintiff's argument in her Opposition to HSBC's Motion to Dismiss ("Opposition") is that simply making various allegations in her Complaint is sufficient to withstand a Motion to Dismiss. Opp., p. 3, §B. This is plainly inadequate. Allegations that are unsupported by facts do not properly state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1950 (2009) (holding that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

Moreover, when alleging fraud, a plaintiff is held to a heightened pleading requirement. Rule 9 requires the plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see also Dermesropian v. Dental Experts, LLC*, 718 F. Supp. 2d 143, 153 (D. Mass. 2010) (dismissing a plaintiff's RICO claims and ruling that "[a]lthough the pleadings should generally be construed liberally, a greater level of specificity [has always been] required in RICO cases") (quoting *Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 443 (1st Cir. 2000)).

Plaintiff provides no factual substantiation of her RICO allegations in her Opposition, but rather directs the Court to paragraphs of her Complaint where she simply recites the elements of a RICO claim and states legal conclusions. *See* Opp., p. 4. (asserting the legal conclusion that "Defendants all participated in a joint enterprise to willfully induce Ms. Matt to enter into a loan transaction that Defendants knew or should have known would result in default" and that each defendant "may have had" different roles in the alleged enterprise) (emphasis added); *see also* Opp., p. 4 (directing the Court to ¶ 122 of her Complaint where she states the legal conclusion that "Defendants represent an 'association in fact enterprise'"); *see also* Opp., p. 5 (stating a general assertion that the defendants' conduct is "ongoing" in order to plead existence of a "pattern"); *see also* Opp., p. 6 (stating the legal conclusion that allegedly inducing Plaintiff into a loan transaction, seeking monthly payments, and foreclosing upon Plaintiff's property constitute "racketeering activity"); *see also* Opp., p. 8 (claiming that she adequately pled her standing to bring a RICO claim by stating the legal conclusion that her alleged "injuries are a 'but for' and 'proximate cause of'" the defendants' conduct). Under *Twombly*, however, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Further, "Plaintiff's general assertions … meet neither the pleading standards of *Iqbal* nor the heightened pleading requirements of Rule 9(b), at least for RICO purposes. *Dermesropian*, 718 F. Supp. 2d at 154 (citing *Bessette*, 230 F.3d at 443).

Moreover, to support Plaintiff's assertion that her RICO claim is not barred by the statute of limitations, Plaintiff states that she "did not learn of the central basis of her RICO claims here, which is that her loan is in a completely different 'securitized trust' than the one seeking to foreclose upon her home, until she was forced to defend the action in the Land Court." Opp., p.

3

9. In making this statement, Plaintiff recognizes that the remainder of her RICO claims are unarguably barred by the statute of limitations. Plaintiff, however, fails to plead how one alleged wrong constitutes a RICO claim, which requires "(1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity." *In re Neurontin Marketing, Sales Practices, and Products Liability Litigation*, 433 F.Supp.2d 172, 178 (D. Mass. June 12, 2006); *see also* Opp., p. 3. Because Plaintiff's RICO allegations meet the neither the pleading requirements of Rule 8, nor the heightened pleading requirement of Rule 9, all such claims must be dismissed.

**II.     Plaintiff Improperly Seeks to Re-litigate the Land Court Judgment.**

In Plaintiff's Opposition to HSBC's Motion to Dismiss and in support of Plaintiff's argument that HSBC Bank USA, N.A. on Behalf of the Trust Fund and for the Benefit of Ace Securities Corp. Home Equity Loan Trust Series 2005 HE-4 Asset Backed Pass Through Certificates ("HSBC as Trustee") did not receive a valid assignment of Plaintiff's mortgage, she attempts to confuse the issues by alleging that a Land Court judgment recognizing HSBC as Trustee's authority to foreclose on Plaintiff's property was not conclusive of the HSBC Defendants' standing. Opp., p. 10. Plaintiff essentially seeks to refute the Land Court judgment, insinuating that she wants this Court to improperly reverse the state court verdict.

In Plaintiff's Complaint, she recites the Land Court and Appeals Court proceedings regarding the ruling that HSBC had standing to file a Servicemembers Civil Relief Act complaint against Plaintiff. Compl., ¶¶ 49-71. Plaintiff alleges that she was harmed by the "wrongful filing of a complaint to foreclose in the Land Court" and by "evidence [in the Land Court proceedings that] uncontrovertibly establishes that it is factually and theoretically impossible for any of the Defendants to ever claim ownership to Ms. Matt's loan…" Compl., ¶ 223.

In her Opposition, Plaintiff states that "HSBC has also caused Ms. Matt significant

financial injury through the prosecution to collect on this … debt, forcing Ms. Matt to defend actions both here before this court, as well as the Servicemembers Action in the Land Court." Opp., p. 8.  Additionally, although Plaintiff states in her Opposition that the facts and history of the Land Court case "are relevant here in the case before this court on a completely different basis," Plaintiff fails to point out this alleged relevancy, leading to the logical conclusion that Plaintiff impermissibly seeks to re-litigate the Land Court judgment.  Opp., p. 9.

As Judge Stearns recently ruled, "to the extent that there is a final order of the state court with respect to foreclosure of the [plaintiff's] real property, this court lacks jurisdiction to review the judgment of the state court, pursuant to the Rooker-Feldman doctrine." *Forsberg v. Land Court of the Commonwealth of Massachusetts, et al.*, No. 10-11701-RGS, 2010 U.S. Dist. LEXIS 107804 (D. Mass. Oct. 7, 2010), *6.  "The doctrine precludes a federal action if the relief requested in that action would effectively reverse a state court decision or void its holding or if the plaintiff's claims are 'inextricably intertwined' with the state court's decision." *Id*. at *6-7 (citing *Exxon Mobil Corp. v. Saudi Basic Industries Corp., Inc.*, 544 U.S. 280 (2005) (holding that the doctrine applies to parties who lose in state court and then seek review and rejection of the state court's judgment)).  In *Forsberg*, the plaintiff sought to prevent foreclosure of his property by filing a complaint in U.S. District Court for the District of Massachusetts. *Forsberg*, 2010 U.S. Dist. LEXIS 107804, at *1.  The court discerned from the plaintiff's complaint that there was a Land Court or Barnstable District Court Order "authorizing the foreclosure of his real property." *Id*. at *6.  The court found that the plaintiff's argument against the foreclosure was essentially that the court authorizing the foreclosure got it wrong. *Id*. at *6.  The court held that it "lacks mandamus jurisdiction" to compel an order that would "vacate a foreclosure Order and rule in [the plaintiff's] favor." *Id*. at *12.

Similarly, in the instant case, Plaintiff seeks to hold the HSBC Defendants civilly liable for a state court decision that was rendered against her in the Land Court. Holding the HSBC Defendants civilly liable for the outcome of the Land Court proceedings would, by necessity, require this Court to determine that the Land Court reached the wrong decision. Plaintiff's claims are thus barred by the Rooker-Feldman doctrine as well as *Forsberg*.

For these reasons and those stated in its moving papers, the HSBC Defendants respectfully request the Court to grant its Motion to Dismiss, and to award it any additional relief that the Court deems just and appropriate.

    Respectfully submitted,

    HSBC BANK USA, N.A. and HSBC BANK USA, N.A., ON BEHALF OF THE TRUST FUND AND FOR THE BENEFIT OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST SERIES 2005-HE4 ASSET BACKED PASS THROUGH CERTIFICATES,

    By their attorneys,

    /s/ Courtney L. Benson
    Courtney L. Benson (BBO# 675679)
    Chad W. Higgins (BBO# 668924)
    GOODWIN PROCTER LLP
    Exchange Place
    53 State Street
    Boston, MA 02109
    Tel. 617-570-1000
    Fax. 617-523-1231
    courtneybenson@goodwinprocter.com
    chiggins@goodwinprocter.com

Dated: February 1, 2011

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 1, 2011.

                                                /s/ Courtney L. Benson