# United States District Court
# District of Massachusetts

JODI B. MATT,
    Plaintiff,

v.                             CIVIL ACTION NO. 2010-11621-PBS

HBSC BANK, USA, et al.,
    Defendants.

## *REPORT AND RECOMMENDATION ON CERTAIN DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND TO STAY DISCOVERY AND SUMMARY JUDGMENT DEADLINES (#102) AND DEFENDANTS, NATIONWIDE TITLE & ESCROW COMPANY, INC., AND LAURA M. TOMASELLO'S MOTION FOR JUDGMENT ON THE PLEADINGS (#104)*

COLLINGS, U.S.M.J.

    The defendants Countrywide Securities Corporation, Wells Fargo, N.A., and ACE Securities Corporation, Nationwide Title & Escrow Company, Inc. and

Laura M. Tomasello, Esquire have filed motions for judgment on the pleadings (##102 & 104) and seek a stay of discovery and summary judgment deadlines. As a matter of the court's discretion to manage cases before it, I RECOMMEND that these motions be DENIED without prejudice to raising the arguments asserted in these motions in these parties' motions for summary judgment which are due at the end of next month. The reasons for this recommendation are quite simple.

First, ACE Securities Corp., Nationwide Title and Escrow Company, Inc. and Lauro Tomasello have already litigated motions seeking dismissal under Rule 12(b)(6), Fed. R. Civ. P. *See* ## 28 and 59. Since motions for judgment on the pleadings are the functional equivalent, there is no reason why these defendants should have another opportunity to attack plaintiff's case on the basis of the pleadings alone.

Second, defendants Wells Fargo Bank, N.A. and Countrywide Securities Corporation filed their answers over a year go specifically pleading that plaintiff's complaint failed to state a claim upon which relief could be granted. *See* #85 at p. 30; #87 at p. 23. Yet these defendants waited a year before filing their motion for judgment on the pleadings.

Third, the litigation of these motions at this time will skew the Scheduling

Order which Judge Saris entered on March 23, 2012 whereby fact discovery would be completed by the end of September, 2012 and summary judgment motions would be filed by the end of October, 2012.  Further, Judge Saris even set the hearing on any motions for summary judgment for December 20, 2012 at 2:00 P.M.

In short, the efficient management of this case requires that Judge Saris' Scheduling Order be kept in place, for there is no reason why this two-year old case should be delayed at this point by the litigation of motions which are based totally on the pleadings.  Further, there is no reason why any arguments *vis-a-vis* the sufficiency of the pleadings may not be made in the motions for summary judgment which are due seven weeks from now.

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v.*

*Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

September 11, 2012.